## Case No. 5,112a.

### In re FREUDENFELS.[1]

District Court, S. D. New York. Aug. 25, 1879.

Thos. J. McKee (A. J. Dittenhoefer, of counsel), for petitioners.
A. H. Hitchcock, for another creditor.

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reversed in 16 Pet. (41 U. S.) 327.]
[1] [Not previously reported.]

CHOATE, District Judge. The petition in this case was filed Aug. 31, 1878. Two creditors joined in the petition. The petition averred that for a period of six months next preceding the date of the filing of the petition the alleged bankrupt resided in East Orange, New Jersey. The order to show cause was refused because it appeared on the petition itself that the court had no jurisdiction. A memorandum to this effect was endorsed on the petition on the same day on which it was filed. Nothing more was done in the matter till Aug. 21, 1879, when the two petitioning creditors presented another petition to the court, showing that the alleged bankrupt in fact resided in the city of New York during the necessary period of time to have given this court jurisdiction of the case, if it had been so averred in the petition, and praying to be allowed to amend their petition. This petition is supported by an affidavit of the bankrupt tending to prove the fact now alleged as to his residence. The bankrupt apparently favors the action of the petitioning creditors in attempting to revive these proceedings. Upon this petition, notice was ordered to be given to all the creditors of the alleged bankrupt to show cause why the amendment should not be allowed. Upon the return of the order to show cause, a creditor appeared and objected to the amendment, and the petition was dismissed for laches in making the application, but with leave to renew. The motion is now renewed on the affidavits intended to excuse the delay on the ground that both of the petitioners have been sick a large part of the time since Aug. 31, 1878, and one of them out of the country a part of the time, and their attorney had been so pressed with business that he was unable to attend to the matter earlier. The excuses are wholly insufficient, and do not account for the delay. The only proper inference to draw from the papers is that the petitioning creditors really abandoned the proceeding, and that for some reason that has recently become operative with them they desire now, with the approval of the debtor, to revive it.

It is still urged that, as no particular injury is shown to have resulted from the delay to any other creditor, the general principle which favors amendments to conform pleadings to the facts should be applied in this case. I think not. It was the obvious design of the bankrupt law that proceedings in bankruptcy should be summary; that upon the filing of the petition the case should go on without delay, by the appointed series of meetings, hearing, and other steps to the end of distributing the estate among the creditors, and the discharge, or refusal of discharge, of the debtor. It never was intended that petitions should be filed and the commencement of proceedings here used for other purposes merely to obstruct creditors in pursuing their remedies elsewhere, without giving them, with reasonable promptness,

that relief which they have in bankruptcy. While there might be shown peculiar circumstances which had prevented and would excuse the diligent prosecution of a petition by creditors, yet to permit an abandonment of it for eleven months, and then its revival after the repeal of the bankrupt law, would virtually be entertaining an application now to put a debtor into bankruptcy. This is what is really asked in this case under the form of amending the petition. Any creditor who examined this record would have a right to assume long before the eleven months had expired that the proceeding was abandoned, and to act on that assumption in his treatment of the debtor. The relief asked would not be a proper exercise of the discretionary power to allow an amendment, because the creditors have most unreasonably failed to proceed according to the obvious intent and purpose of the bankrupt law, and especially since the law has been repealed, because to grant the amendment would in effect be to entertain jurisdiction of a case not in reality commenced while the law was in force. Petition dismissed.